IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**TIMOTHY HANDY and WENDELL HANDY** )
)
    Plaintiff, ) Case No. 06 C 5904
)
) FIRST AMENDED
vs. ) COMPLAINT FOR VIOLATION
) OF CIVIL RIGHTS
Cook County Sgt. Derrick Carey, Star No. 58, and )
Cook County Investigators, Ellis, Star No. 248, )
Blanchard, Star No. 658, and Rivlin, Star No. 629, ) JUDGE ANDERSEN
    Defendants, )

Plaintiffs allege:

## JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.    Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.    At all times herein mentioned, plaintiff TIMOTHY HANDY was and is a citizen of the United States, and was within the jurisdiction of this court.

4.    At all times herein mentioned, plaintiff WENDELL HANDY was and is a citizen of the United States, and was within the jurisdiction of this court.

5.    At all times herein mentioned defendant Sgt. Derrick Carey, Star No. 58, (CAREY) was acting under color of state law and as the employee, agent, or representative of

1

the Cook County Sheriff's Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned defendant Inv. Ellis, Star No. 248, (ELLIS) was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned defendant Inv. Blanchard, Star No. 658, (BLANCHARD) was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Police Department. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned defendant Inv. Rivlin, Star No. 629, (RIVLIN) was acting under color of state law and as the employee, agent, or representative of the Cook County Sheriff's Police Department. This Defendant is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

9. On or about May 13, 2005, plaintiffs were lawfully in the Village or Robbins, County of Cook, State of Illinois.

10. At that time and place defendants seized plaintiffs.

11. Plaintiffs did not consent to being seized.

12. There was no outstanding arrest warrant for TIMOTHY HANDY.

13. There was no legal cause to seize TIMOTHY HANDY.

14. During the course of seizing plaintiffs defendants used force against plaintiffs.

15. There was no legal cause for defendants to use force against plaintiffs.

16. By reason of the above-described acts and omissions of defendants, Plaintiffs sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

17. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

18. By reason of the above-described acts and omissions of defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiff TIMOTHY HANDY Against Defendants for
### UNREASONBLE SEIZURE

19. Plaintiff hereby incorporates and realleges Paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

20. By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to himm by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

21. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiffs' rights in the following manner: the seizure of Plaintiff was

without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiffs Against Defendants for
### EXCESSIVE FORCE

22. Plaintiffs hereby incorporate and reallege paragraphs one (1) through eighteen (18) hereat as though fully set forth at this place.

23. During and immediately after plaintiffs' seizure defendants used excessive force against plaintiffs' persons.

24. There was no legal cause for defendants to use force against plaintiffs.

25. By reason of defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

26. The physical violence inflicted upon plaintiffs by defendants was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiffs' Fourth Amendment Rights. Therefore, defendants, and each of them, are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiffs, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That the Defendants be required to pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

By: /s/Garrett Browne
Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: /s/Garrett Browne
Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com